582 P.2d 804

**In re H. Gregg PRIVETTE, attorney at law.**

No. 11901.

Supreme Court of New Mexico.

May 4, 1978.

Order Sept. 1, 1978.

McMANUS, Chief Justice.

### JUDGMENT

This matter came on for hearing before the Court upon a report and recommendations of the Disciplinary Board after a hearing on formal charges pursuant to the rules of this Court governing discipline in Hearing Committee A of the Southern Disciplinary District. Upon consideration of the records and files herein, the Findings of Fact of the Hearing Committee and the Disciplinary Board, the briefs of the parties and the arguments of Chief Disciplinary Counsel and the Respondent appearing pro se and being fully advised:

It is by the Court adjudged that the Respondent H. Gregg Privette is guilty of professional misconduct in that for a period beginning in December 1973 and ending in June 1975, he handled trust funds belonging to clients in a grossly negligent manner, failed to keep adequate records or properly to supervise his employee, with the result that funds belonging to clients were commingled with his own, were not properly accounted for or reported upon, and were eventually embezzled by his employee; all as more fully set forth in the Findings of Fact of Hearing Committee A and all contrary to Rule 9–102(B)(3) and (4) and reflecting adversely upon his fitness to practice law, contrary to Disciplinary Rule 1–102(A)(6), Code of Professional Responsibility-Canons of Ethics.

IT IS THEREFORE ORDERED AND DECREED that discipline shall be imposed as follows:

A. That the Respondent H. Gregg Privette shall be suspended from the practice of law in all courts in the State of New Mexico or in any other capacity, effective May 15, 1978 for a period of 150 days.

B. That upon the expiration of 90 days after the effective date of his suspension aforesaid, the remainder thereof may be deferred upon his filing with this Court his acceptance of probationary status for a period of 12 months following the expiration of said 90 days, upon the terms and conditions hereinafter specified, and may thereupon resume the practice of law upon his further filing in this Court satisfactory proof that he has:

(1) Paid Senaida Evaro all sums due her;

(2) Accounted for and paid to the proper persons entitled thereto all monies in his Trust Account;

(3) Demonstrated to the satisfaction of the Supreme Court through its Chief Disciplinary Counsel that he has established an adequate system for the maintenance, con-

trol and monitoring of his Trust Account records; and

(4) Supplied to the Supreme Court through its Chief Disciplinary Counsel a certificate from a certified public accountant that a satisfactory audit of his Trust Account has been completed, that the debt to Senaida Evaro has been paid, and that all remaining funds in Respondent's Trust Account have been accounted for and paid to the owners thereof, and that there are no additional sums owing to any clients of the Respondent by reason of the deficiency in his Trust Account.

C. The terms and conditions of probation referred to above are that for a period of 12 months following the expiration of the first 90 days of the Respondent's suspension, or his readmission to practice, whichever is later, he shall submit to the supervision of the record-keeping and Trust Account management in his law office at least monthly by an attorney knowledgeable in accounting practices to be designated by the Supreme Court for the purpose. Such supervising attorney shall report to the Court through its Chief Disciplinary Counsel at least quarterly concerning Respondent's compliance with the foregoing terms of probation.

D. Violation of any condition of Respondent's probation or failure to comply strictly with the terms of such probation at any time during the period of Respondent's suspension or the 12 months following his readmission to practice shall upon written certification of the fact by Chief Disciplinary Counsel to the Supreme Court with notice to the Respondent result in immediate automatic imposition of the entire deferred portion of his suspension, following which Respondent shall not resume the practice of law in the State of New Mexico until formal reinstatement proceedings have been instituted and successfully concluded as provided in Rule 19 of the Rules Governing Discipline.

E. Upon full and faithful compliance with all of the terms of probation, his probationary status shall terminate on his filing in this Court of an Affidavit of Compliance in accordance with the provisions of the last sentence of Rule 4(b), Rules Governing Discipline and the approval of the Court upon the report of Chief Disciplinary Counsel attesting thereto.

AND IT IS FURTHER ORDERED AND DECREED that Respondent pay the taxable costs of this proceeding to be assessed.

## ORDER

This matter having come on for hearing upon the Petition of the Respondent, H. Gregg Privette, and the representations of Chief Disciplinary Counsel;

And it appearing to the Court that the Respondent has:

(1) Paid Senaida Evaro all sums due her;

(2) Accounted for and paid to the proper persons entitled thereto all monies in his Trust Account;

(3) Demonstrated to the satisfaction of Chief Disciplinary Counsel and this Court that he has established an adequate system for the maintenance, control and monitoring of his Trust Account records.

And it further appearing to the Court that the Respondent's Trust Account records have been examined by Thomas S. Cooper, C.P.A. of Cooper & Company, Accountants, Las Cruces, New Mexico, but because of the theft and loss of all of the Respondent's Trust Account records prior to June 18, 1975, a complete and definitive audit thereof is impossible and will be impossible in the future. But that all remaining funds therein have been accounted for and paid to the owners.

Now it is ordered that the Respondent, H. Gregg Privette, be and he hereby is readmitted to the practice of law in all Courts of the State of New Mexico, upon the following terms and conditions:

A. That for a period of twelve (12) months from the effective date of this Order, the Respondent shall submit to the supervision of the record keeping and Trust Account management in his law office at least monthly by *Ralph William Richards,*

Esquire, Las Cruces, New Mexico, who is hereby designated and appointed by the Court for the purpose. Such supervising attorney shall report to the Court through the Chief Disciplinary Counsel at least quarterly concerning Respondent's compliance with the foregoing terms of probation.

B. Violation of any condition of Respondent's probation or failure to comply strictly with the terms of such probation at any time during the period of Respondent's suspension or the 12 months following his readmission to practice shall upon written certification of the fact by Chief Disciplinary Counsel to the Supreme Court with notice to the Respondent result in immediate automatic imposition of the entire deferred portion of his suspension, following which Respondent shall not resume the practice of law in the State of New Mexico until formal reinstatement proceedings have been instituted and successfully concluded as provided in Rule 19 of the Rules Governing Discipline.

C. Upon full and faithful compliance with all of the terms of probation, his probationary status shall terminate on his filing in this Court of an Affidavit of Compliance in accordance with the provisions of the last sentence of Rule 4(b), Rules Governing Discipline and the approval of the Court upon the report of Chief Disciplinary Counsel attesting thereto.